John Bragonje, Bar No. 9519
Email: John.Bragonje@wbd-us.com
WOMBLE BOND DICKINSON (US) LLP
3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169
Tel:    702.949.8200
Fax:   702.949.8398

*Attorneys for Plaintiff Aquatech Corporation
d/b/a United Aqua Group*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| AQUATECH CORPORATION, d/b/a UNITED AQUA GROUP, a Delaware corporation<br><br>Plaintiff<br><br>vs.<br><br>DUTCH BARN LLC DBA DUTCH BARN LANDSCAPING, an Illinois limited liability company; COURTNEY SCHILD, an individual; and THERESA SCHILD, an individual, inclusive,<br><br>Defendants | Case No. 2:24-cv-01897-JAD-NJK<br><br>**Order Granting Motion for Default Judgment and Closing Case**<br><br>ECF No. 15 |

Plaintiff Aquatech Corporation moves for default judgment against Defendants Dutch Barn LLC, Courtney Schild, and Theresa Schild (ECF No. 15). The deadline to respond to the motion expired without any response.

This matter is a claim for breach of a settlement agreement. The individual defendants were served with the Complaint (Dkt. 1) on October 28, 2024, by service on the defendants personally (Dkts. 4 and 5) and by service on the Corporate Defendant on February 10, 2025 on an individual at the address of its registered agent (Dkt. 11). Dutch Barn was previously provided with the Summons and Complaint on December 2, 2024 by serving a copy on the Illinois Secretary of State at 69 W. Washington St., Rm 1240, Chicago, IL 60602 (Dkt. 7). In addition, the registered agent for Dutch Barn, Courtney Schild, is also an individual defendant in this case and he was previously served with the Summons and Complaint on October 28, 2024 by personal service at 1211 Geogias Wy., New Lenox, IL 60451 (Dkt. 5).

The Clerk, at the direction of the court, entered default against the individual defendants on January 3, 2025. (Dkt. 9) and entered default judgment against the corporate defendant Dutch Barn on March 4, 2025 (Dkt. 14). On May 7, 2025, the defendants were all served with a copy of the Motion for Entry of Default by first class mail, postage prepaid. (Dkt. 15-1.) In addition, on June 13, 2025, the Corporate Defendant Dutch Barn was again personally served through its registered agent with the Motion for Entry of Default, the complaint, and the summons (Dkt. 16). Though not strictly required by the rules, plaintiff reports that it has attempted to again personally serve the individual defendants with another copy of the Motion for Entry of Default, but the individual defendants appear to be evading service. Nevertheless, Notice of this Application for entry of Default Judgment was served on all Defendants on May 7, 2025, by placing a copy of same in the United States Mail, postage prepaid. *See,* Mot. for Entry of Default, Ex. 1, Declaration of John E. Bragonje (designated "Exhibit A") at ¶ 6 ("**Bragonje Decl.**").

Despite service of the complaint and the present motion, the defendants have failed to appear and have failed to answer or otherwise respond to the complaint or the instant motion within the time prescribed under the Federal Rules of Civil Procedure. None of the defendants are minors, incompetent persons, or in military service or otherwise exempted under the Servicemembers' Civil Relief Act of 1940. *See,* Mot. for Entry of Default, Ex. 1, at Bragonje Decl. at ¶¶ 2–5. Plaintiff filed a previous motion against only the individual defendants (Dkt. 10) which the court denied without prejudice until the court was in a position (as it is now) to

resolve the claims of Dutch Barn as well as the individual defendants (Dkt. 12).

Plaintiff is entitled to monetary judgment against defendants on account of the claims pleaded in the Complaint. This action involves one claim for breach of a Confidential Settlement Agreement ("**Settlement Agreement**"). Although the Settlement Agreement was confidential, the Settlement Agreement provides that in the event that one of the parties were to bring an action to enforce the Settlement Agreement, it could be disclosed.

The amount of the judgment sought against the defendants is $1,000,776.52 through August 7, 2025, plus attorney's fees and costs, interest at the contract rate until paid in full, together with such other and further relief as shall be just and proper.

## FINDINGS OF FACT

The Court makes the following findings based upon the briefing of the motion, the accompanying Bragonje Decl., the accompanying Ramsey Decl., the papers and pleadings on file with the Court, and oral or documentary evidence presented at the time of hearing on this matter.

On May 6, 2022, Plaintiff and Defendant Dutch Barn LLC d/b/a Dutch Barn Landscaping ("**Dutch Barn**") entered into the UAG Membership Agreement (the "**Agreement**"). A true and correct copy of the Agreement is attached to the complaint as Exhibit A. (*See* Dkt. 1-1, p. 2.) At the same time, Courtney and Theresa, the individual defendants, signed a Continuing Guaranty Agreement (the "**Guaranty**"), by which they unconditionally guaranteed the prompt payment and performance of Dutch Barn's obligations under the Agreement. A true and correct copy of the Guaranty is attached to the Complaint as Exhibit A. (*See* Dkt. 1-1, Exhibit C, p. 19-20.)

### The First Lawsuit

On July 19, 2023, Aquatech filed an action in this district against defendants for breaches of the Membership Agreement and Guaranty and it was assigned case number 2:23-cv-01132-JAD-NJK (the "**First Lawsuit**"). After service was achieved and no responsive pleadings were filed, on September 28, 2023, Aquatech was granted a Clerk's Entry of Default in the First Lawsuit. On November 30, 2024, the court in the First Lawsuit entered an order denying Aquatech's Motion for Default Judgment without prejudice with instruction to file a renewed motion with additional proof of Aquatech's damages. On December 11, 2023, Aquatech

requested additional time to file its Renewed Motion for Default Judgment, as Aquatech and defendants had begun to discuss resolution of the claims asserted by Aquatech in the First Lawsuit. Aquatech was granted until February 26, 2024 to file its Renewed Motion for Default Judgment. On February 26, 2024, Aquatech moved to set aside the Clerk's Entry of Default Without Prejudice as the Parties had settled Aquatech's claims against defendants.

## **The Settlement Agreement**

To settle the claims asserted by Aquatech in the First Lawsuit, Aquatech and Dutch Barn entered into an agreement for repayment of the amounts owed to Aquatech on or about January 10, 2024 (the "**Settlement Note**"). A true and correct copy of the Settlement Note is attached to the Complaint as **Exhibit B**. (*See* Dkt. 1-2, pp. 2-3.) Thereafter, Dutch Barn missed payments agreed to as set forth in the Settlement Note, and the parties again discussed resolution of the Aquatech's claims against Defendants. After negotiations, the parties entered into a Confidential Settlement Agreement (the "**Settlement Agreement**") on or about June 17, 2024. A true and correct copy of the Settlement Agreement is attached to the Complaint as **Exhibit C**. (*See* Dkt. 1-3, pp. 2-7.) Although the Settlement Agreement was confidential, the Settlement Agreement provides that in the event that one of the Parties were to bring an action to enforce the Settlement Agreement, it could be disclosed.

All Defendants have failed to perform their obligations under the Settlement Agreement in that they have defaulted on the payment obligations and are in breach of the Settlement Agreement. The obligations under the Settlement Agreement are joint and several among the Defendants, and it provides that the prevailing party in a legal proceeding between the Parties is entitled to its reasonable attorney's fees and costs. Contrary to the requirements of the Settlement Agreement, Defendants have only paid: 1) a payment in the amount of $15,000.00 on or about June 24, 2024; 2) a payment of $15,000 on or about August 22, 2024; 3) a payment of $5,000 on or about September 3, 2024; and 4) a payment of $5,000 on or about September 4, 2024. These payments did not comply with the payment schedule required under the Settlement Agreement. The remaining balance owed after acceleration as per the terms of the Settlement Agreement through August 7, 2025 is $1,000,776.52, plus attorney's fees and costs. (*See* Mot. for Entry of

Default, Ex. 2, Declaration of Sherry Ramsey ("Ramsey Decl.", designated "Exhibit B"), ¶¶ 10–16, 19.) The Settlement Agreement provides that late charges, interest, and other fees are recoverable by plaintiff against the defendants.

## CONCLUSIONS OF LAW

The granting of a default judgment is a two-step process pursuant to Rule 55 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 55; *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). The first step under Rule 55 is an entry of clerk's default based on a showing by affidavit or otherwise that the defendant "has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). In a civil action, a defendant must serve an answer within 21 days after being served with the summons and complaint. Fed. R. Civ. P. 12(a)(1)(A)(i). Here, the defendants have not complied with this requirement, and the court found that the defendants have "failed to plead or otherwise defend" in this action. (Dkt. 9.)

Once default has been entered and the party seeking affirmative relief moves for default judgment under Rule 55(b), the court has discretion to enter default judgment. Fed. R. Civ. P. 55(b); *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). In such a proceeding, the well-pled factual allegations are deemed admitted. *See Geddes v. United Fin. Grp.,* 559 F.2d 557, 560 (9th Cir. 1977) ("The general rule of law is that upon default the factual allegations of the complaint, except those related to the amount of damages, will be taken as true."); *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987) (quoting *Geddes v. United Fin. Grp.*, 559 F.2d at 560). Entry of default judgment requires a finding that the claimed damages are reasonable



and substantiated by the plaintiff's evidence.

In the Ninth Circuit, courts look at seven factors (the "*Eitel* **factors**") for determining whether default judgment is appropriate: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claims; (3) the sufficiency of the complaint; (4) the sum of money at stake in the litigation; (5) the possibility of dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the policy favoring decisions on the merits rather than default judgment. *Eitel v. McCool,* 782 F.2d 1470, 1471–72 (9th Cir. 1986).

The first *Eitel* factor is satisfied. Plaintiff will be prejudiced if default judgment is not entered because the defendants have unilaterally breached the Settlement Agreement. This leaves plaintiff with no recourse other than seeking a judgment against the defendants. Thus, if a judgment is not entered in plaintiff's favor against the defendants, plaintiff will be prejudiced because it will be unable to pursue its claim against the defendants.

The second and third factors are also satisfied. These factors examine whether the plaintiff states a valid claim. *Danning v. Lavine*, 572 F.2d 1386, 1389 (9th Cir. 1978). For purposes of a motion for default judgment, the allegations in the complaint are presumed to be true. *Id*. The defendants' failure to pay the amounts payable and owing under the Settlement Agreement a resulted in them owing plaintiff, through August 7, 2025, the amount of $1,000,776.52, plus attorney's fees and costs. The allegations in the complaint lay out, in detail, a clear failure and refusal to pay the amounts due under the Settlement Agreement. (*See* Complaint, Dkt. No. 1.)

The fourth *Eitel* factor requires a court to "consider the amount of money at stake in relation to the seriousness of the Defendant's conduct." *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1176 (C.D. Cal. 2002); *Bank of Am., N.A. v. Auburn & Bradford at Providence Homeowners' Ass'n*, 2020 WL 853501, at *2 (D. Nev. Feb. 20, 2020) (Court considers "the

amount of money requested in relation to the seriousness of the defendant's conduct, whether large sums of money are involved, and whether 'the recovery sought is proportional to the harm caused by [the] defendant's conduct.'") (citing *Curtis v. Illumination Arts, Inc.*, 33 F. Supp. 3d 1200, 1212 (W.D. Wash. 2014) (quoting *Landstar Ranger, Inc. v. Earth Enters., Inc.*, 725 F. Supp. 2d 916, 921 (C.D. Cal. 2010)). The amount of money requested here, through August 7, 2025, the amount of $1,000,776.52, is proportional to the harm caused by defendants. Indeed, defendants failed to make agreed-upon payments under the Settlement Agreement for amounts that they agreed were owed for products and benefits received under the Membership Agreement. Therefore, the fourth *Eitel* factor is satisfied.

The fifth and sixth *Eitel* factors have been met. There are no contested material facts because the defendants have never appeared to contest the allegations against them. Moreover, there is no evidence that the defendants' failure to respond is due to excusable neglect. On October 28, 2024, plaintiff served Courtney Schild (who is also Dutch Barn's registered agent) and Theresa Schild personally with a copy of the summons. Plaintiff served the corporate defendant through the Illinois Secretary of State on December 2, 2024, and served an additional copy of the summons and complaint on its registered agent on February 10, 2025. Yet none of the defendants have responded in any form. (Dkts. 9 and 14.)

Finally, the seventh factor takes into account the general policy of deciding cases on the merits, but this factor alone does not provide sufficient grounds to deny default judgment. Here, defendants' failure to respond to the complaint makes a decision on the merits impractical, if not impossible.



**Plaintiff Has Established All of the Elements of Its Breach-of-Contract Claim**

In order to succeed on a claim for breach of contract, a plaintiff must establish three elements: (1) the existence of a valid contract, (2) a breach by the defendant, and (3) damage as a result of the breach. *Richardson v. Jones*, 1 Nev. 405, 409 (1865); *Rivera v. Peri & Sons Farms, Inc.*, 735 F.3d 892, 899 (9th Cir. 2013) (citing *Richardson*).

As to the first element, a settlement agreement "is formed when the parties have agreed to its material terms." *May v. Anderson*, 119 P.3d 1254, 1256 (Nev. 2005). The Settlement Agreement is signed by all Parties, including Courtney Schild and Theresa Schild, standing as proof that they agreed to the material terms. (*See* Dkt. 1-1, p. 7.) Plaintiff performed its obligations under the Settlement Agreement. (*See* Dkt. 1, ¶¶ 15-120; *see* Ramsey Decl., ¶ 11-15.) Thus, the second element (performance by plaintiff) is also met. The third element (material breach) is satisfied because defendants materially breached the Settlement Agreement when they defaulted and failed to pay the amounts due under the Settlement Agreement after plaintiff performed, and they failed to pay amounts due under the Settlement Agreement after the plaintiff performed. (*See* Dkt. 1, ¶¶ 19–26; *see* Ramsey Decl., ¶¶ 11, 16-17.) Finally, plaintiff has been damaged in the amounts it was owed under the Settlement Agreement, and as such element four (damages) has been satisfied. (*See* Dkt. 1, ¶¶ 18–26; *see* Ramsey Decl., ¶¶ 11, 16-17.)

. . . .

. . . .

## DEFAULT JUDGMENT

Accordingly, based on the well-pled allegations in the complaint, the exhibits attached to the present motion, and the papers and pleadings on file with the court, it is ORDERED that the motion for default judgment **[ECF No. 15] is GRANTED**; the clerk of court is directed to **ENTER default judgment in favor of Plaintiff Aquatech Corporation d/b/a United Aqua Group and against Defendants Dutch Barn, LLC dba Dutch Barn Landscaping, Courtney Schild and Theresa Schild, jointly and severally, in the amount of $1,000,776.52** together with post-judgment interest at the statutory rate.  **The August 7, 2025, hearing on the motion for default judgment is VACATED.**

The Clerk of Court is directed to **CLOSE THIS CASE.**

_____
United States District Court Judge
August 6, 2025

Form submitted by:

DATED: August 5, 2025.

WOMBLE BOND DICKINSON (US) LLP

*/s/ John E. Bragonje*
JOHN E. BRAGONJE (SBN 9519)
e-mail: John.Bragonje@wbd-us.com
3993 Howard Hughes Pkwy, Suite 600
Las Vegas, NV 89169-5996
Tel: 702.949.8200
Fax: 702.949.8398

*Attorneys for Plaintiff*

