# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

Aquatech Corporation dba United Aqua Group,

    Plaintiff

v.

Dutch Barn LLC dba Dutch Barn Landscaping, et al.,

    Defendants

Case No.: 2:24-cv-01897-JAD-NJK

**Order Granting in Part Plaintiff's Motion for Attorneys' Fees and Costs**

[ECF No. 24]

Aquatech Corporation dba United Aqua Group moves for $58,331.75 in attorneys' fees and $1,030.62 in costs after successfully obtaining a $1 million default judgment against defendants Dutch Barn LLC dba Dutch Barn Landscaping, Courtney Schild, and Theresa Schild.[1] I find that Aquatech is entitled to its costs. But the fees award that it requests is unreasonable in light of the short length of this case and the relatively simple legal tasks involved. So I reduce the total attorneys' fees award to $10,000.

## Discussion

**A.    Aquatech is entitled to a small portion of the attorneys' fees it seeks.**

Federal courts sitting in diversity determine the reasonableness of attorneys' fees awarded using state law.[2] Under Nevada law, "the method upon which a reasonable fee is determined is subject to the discretion of the court, which is tempered only by reason and

---

[1] ECF No. 24.

[2] *Mangold v. Cal. Pub. Util. Comm'n*, 67 F.3d 1470, 1478 (9th Cir. 1995).

fairness."[3]  One permissible method is the lodestar approach, which involves "multiplying the number of hours reasonably spent on the case by a reasonable hourly rate."[4]

Nevada courts must also review the requested amount "in light of the factors set forth in" the Supreme Court of Nevada's decision in *Brunzell*.[5]  They include:

> (1) the qualities of the advocate: his ability, his training, education, experience, professional standing, and skill;
>
> (2) the character of the work to be done: its difficulty, its intricacy, its importance, time, and skill required, the responsibility imposed and the prominence and character of the parties where they affect the importance of the litigation;
>
> (3) the work actually performed by the lawyer: the skill, time and attention given to the work;
>
> (4) the result: whether the attorney was successful and what benefits were derived.[6]

Finally, Local Rule 54-14 requires any application for attorneys' fees to include, as relevant here, an attorney affidavit, "[a] reasonable itemization and description of the work performed[,]" and "[a] brief summary" of 13 categories of information designed to elicit more information about the case and the work that the attorneys performed.[7]

I find that Aquatech is entitled to attorneys' fees and costs under the parties' settlement agreement that the defendants breached.[8]  I conclude that the attorneys working on this matter

---

[3] *Shuette v. Beazer Homes Holdings Corp.*, 124 P.3d 530, 548–49 (Nev. 2005) (en banc) (internal quotation marks omitted).

[4] *Id.* at 549 & n.98 (internal quotation marks omitted).

[5] *Haley v. Dist. Ct.*, 273 P.3d 855, 860 (Nev. 2012) (citing *Brunzell v. Golden Gate Nat'l Park*, 455 P.2d 31, 33 (Nev. 2012)).

[6] *Brunzell*, 455 P.2d at 34.

[7] L.R. 54-14 (a)–(b).

[8] *See* ECF No. 24-5 at 6; *Schouweiler v. Yancey Co.*, 712 P.2d 786, 788 (Nev. 1985) ("It is well established in Nevada that attorney's fees are not recoverable unless allowed by express or

have the skill and experience to justify their rates, but I find that the number of hours allegedly spent on this case to be implausible and unreasonable. The character of the work to be done in this case was relatively simplistic, and many of the filings amount to carbon copies of documents in other cases that these attorneys have pursued on Aquatech's behalf.[9] Several of those cases required counsel to draft motions for clerk's entry of default and default judgment, each of which appear to derive from templates that require little original work. For example, counsel seeks 39.2 hours to draft two motions for default judgment that are nearly identical to motions that counsel has filed in several other Aquatech cases filed in this district.[10] Counsel also seeks approximately $8,700 for approximately 16 hours of work spent drafting motions for clerk's entry of default, which consist of a one-page motion and two-page declaration recounting that the defendants were served and did not appear. That amount of time is unreasonable for such a noncomplex matter. So I find that the character of work done in this case doesn't justify the number of hours billed, and I reduce the attorneys' fees award in this case to $10,000 total. Local and out-of-state counsel may divide that sum however they wish.

---

implied agreement or when authorized by statute or rule." (citing *Sun Realty v. Dist. Ct.*, 542 P.2d 1072 (Nev. 1975))).

[9] *See, e.g.*, *Aquatech Corp. v. Aquaworks Constr. Inc.*, Case No. 2:23-cv-01131-MMD-DJA; *Aquatech Corp. v. Mystic Pool Supplies, LLC*, Case No. 24-cv-00909-RFB-DJA; *Aquatech Corp. v. Liquid Pool Concepts, LLC*, Case No. 24-cv-00910-CDS-NJK; *Aquatech Corp. v. Custom Home Sols., LLC*, Case No. 24-cv-01180-JAD-NJK; *Aquatech Corp. v. Sunstone Pools & Outdoor Living, LLC*, Case No. 24-cv-01623-CDS-BNW; *Aquatech Corp. v. JTS Pools, Inc.*, Case No. 2:24-cv-01789-APG-BNW; *Aquatech Corp. v. G.T. Constr., Inc.*, Case No. 2:24-cv-01861-APG-NJK.

[10] *See, e.g.*, ECF No. 11 in *Aquatech Corp. v. Mystic Pool Supplies, LLC*, Case No. 24-cv-00909-RFB-DJA; ECF No. 9 in *Aquatech Corp. v. Liquid Pool Concepts, LLC*, Case No. 24-cv-00910-CDS-NJK; ECF No. 9 in *Aquatech Corp. v. Custom Home Sols., LLC*, Case No. 24-cv-01180-JAD-NJK; ECF No. 10 in *Aquatech Corp. v. Sunstone Pools & Outdoor Living, LLC*, Case No. 24-cv-01623-CDS-BNW.

**B.     Aquatech is entitled to reimbursement of its costs.**

Aquatech also seeks reimbursement of $1,030.62 in costs it incurred filing this case and serving the defendants.  Aquatech has provided an affidavit, itemization, and documentation of those costs as required under Local Rule 54-1.  I find that Aquatech is entitled to these costs.

### Conclusion

IT IS THEREFORE ORDERED that Aquatech's motion for attorneys' fees and costs **[ECF No. 24] is GRANTED in Part.  Aquatech is entitled to fees of $10,000 and costs of $1,030.62, for a total of $11,030.62, under the parties' settlement agreement.  The Clerk of Court is directed to ENTER AN AMENDED JUDGMENT ACCORDINGLY.**

_____
U.S. District Judge Jennifer A. Dorsey
December 29, 2025